IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| MARSHA LOVE, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 6:15-cv-338-WMA |
| CAROLYN W. COLVIN, Acting } | |
| Commissioner of Social } | |
| Security Administration, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

On February 24, 2016, the court reversed the Commissioner's decision denying plaintiff's claim for disability benefits. The court remanded the action for the singular purpose of awarding benefits. On March 10, 2016, the Commissioner filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment, (Doc. 18), arguing that the court should have remanded the action to the Commissioner for further consideration and not for an award of benefits. The Commissioner only sought an affirmance of her denial decision and never suggested a remand for further consideration for any reason. The Commissioner now contends that the court improperly relied on published Eleventh Circuit cases that violate that court's prior panel precedent rule, as recognized in unpublished Eleventh Circuit cases.

For at least two reasons, the Commissioner's Rule 59(e) motion will be denied. First and foremost, the Commissioner's argument comes too late. A Rule 59(e) motion cannot be brought "to

relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). All of the cases cited in the Commissioner's present motion predate the brief she filed in this case in defense of plaintiff's benefits claim, and plaintiff plainly put the Commissioner on notice of the issue now being raised for the first time by the Commissioner by discussing it in her initial brief. (Doc. 11 at 20). The Commissioner's argument, therefore, could and should have been made prior to the entry of judgment. The Commissioner was asleep at the switch. The court is not obligated to act as the advocate for a sleepy litigant. To the contrary, to help one side is entirely inappropriate behavior for a judicial officer.

Second, the Commissioner's requested relief calls upon this court to ignore Eleventh Circuit published opinions in favor of Eleventh Circuit unpublished opinions. This oddity does not appeal to this court. *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). If requested to do so, the Eleventh Circuit may find some strange new path around the Commissioner's failure to raise this issue before the entry of final judgment, but this court fails to see how the Eleventh Circuit can overlook the effect of Rule 59(e) to foreclose post-judgment consideration of an issue that could otherwise have colorable merit.

The Commissioner's motion to alter or amend (Doc. 18) is respectfully DENIED.

DONE this 11th day of March, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE